UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD GOCHA,

       Plaintiff,                      Case No.

vs.

PILOT TRAVEL CENTERS LLC d/b/a
PILOT TRAVEL CENTER #26

       Defendant.
_____/

Brian E. Muawad (P41209)
Attorney for Plaintiff
22330 Greater Mack
St. Clair Shores, MI  48080
(586) 778-8570
muawadpcscs@sbcglobal.net

William J. Stapleton (P38339)
Attorney for Defendant
HOOPER HATHAWAY, P.C.
126 South Main Street
Ann Arbor, MI  48104
(734) 662-4426
wstapleton@hooperhathaway.com
_____/

**PETITION FOR REMOVAL**

**PLEASE TAKE NOTICE** that Defendant Pilot Travel Centers LLC d/b/a

Pilot Trave Center #26 ("Pilot"), by and through its counsel, and pursuant to 20

U.S.C. §§ 1332, 1441 and 1446, hereby removes the matter entitled *Donald Gocha v. Pilot Travel Centers LLC d/b/a Pilot Travel Center #26* Case No. 22-011095-NO, currently pending in the Wayne County Circuit Court, to the United States District Court for the Eastern District of Michigan. The bases for removal are set forth below:

### STATEMENT OF GROUNDS FOR REMOVAL

1. On or about September 19, 2022, an action was commenced in the Wayne County Circuit Court, bearing Case No. 21-044644-NO. Defendant Pilot was served with the Complaint by certified mail on September 26, 2022. A copy of the Summons and Complaint, which constitute all process and pleadings received by Defendant Pilot, are attached as Exhibit A.

2. The Wayne County Circuit Court is located within the jurisdiction of the United States District Court for the Eastern District of Michigan. *See* 28 U.S.C. § 1441(a), 1446(a).

3. This Notice of Removal is being filed within thirty (30) days after receiving notice of the Complaint by service or otherwise as required by 28 U.S.C. §1446(b).

4. This Court has original jurisdiction over this case under 28 U.S.C. § 1332, in that there exists complete diversity of citizenship between all parties and the amount in controversy exceeds the jurisdiction minimum.

## CITIZENSHIP OF PARTIES

5. Plaintiff alleges he is a resident of the City of Fenton, State of Michigan. (Complaint, ¶ 1)

6. Defendant Pilot is a limited liability company organized under the laws of the State of Delaware and maintains its principal place of business at 5508 Lonas Drive, Knoxville, TN 37909.

## AMOUNT IN CONTROVERSY

7. The amount in controversy requirement of $75,000 is also satisfied, although Pilot denies any liability to Plaintiff whatsoever. In his Complaint, Plaintiff alleges that he has sustained "severe bodily injuries to his head, legs, arms and other body parts". Plaintiff also alleges "injuries which are permanent to the degree that Plaintiff suffered a loss in ability to earn money as before, and will have impaired earning capacity in the future". (Complaint, ¶ 12).

## THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

8. Defendant Pilot is the only defendant.

8. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

9. Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

10. The allegations of this Notice are true and correct and this cause is within the jurisdiction of the United States District Court for the Eastern District of Michigan.

Defendant files this Notice of Removal and removes this civil action to the United States District Court for the Eastern District of Michigan. Plaintiff is notified to proceed no further in state court unless or until the case should be remanded by order of the Court.

Respectfully submitted,

HOOPER HATHAWAY, P.C.

Dated: October 5, 2022    BY:   /s/William J. Stapleton
William J. Stapleton (P38339)
126 South Main Street
Ann Arbor, MI 48104
(734) 662-4426
wstapleton@hooperhathaway.com
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

I further certify that on October 5, 2022, a copy of the foregoing was sent via U.S. Mail to:

Brian E. Muawad (P41209)
Attorney for Plaintiff
22330 Greater Mack
St. Clair Shores, MI  48080

I declare that the above statements are true to the best of my knowledge, information and belief.

                                                        HOOPER HATHAWAY, P.C.

Dated: October 5, 2022         BY:   /s/William J. Stapleton
                                                       William J. Stapleton (P38339)
                                                       126 South Main Street
                                                       Ann Arbor, MI 48104
                                                       (734) 662-4426
                                                       wstapleton@hooperhathaway.com
                                                       Attorney for Defendant

# EXHIBIT A

| Approved, SCAO | Original - Court<br>1st Copy- Defendant | | 2nd Copy - Plaintiff<br>3rd Copy -Return |
|---|---|---|---|
| **STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY** | **SUMMONS** | | **CASE NO.<br>22-011095-NO<br>Hon. Muriel Hughes** |

Court address : 2 Woodward Ave., Detroit MI 48226     Court telephone no.: 313-224-2415

| Plaintiff's name(s), address(es), and telephone no(s)<br>Gocha, Donald | v | Defendant's name(s), address(es), and telephone no(s).<br>Pilot Travel Centers, L.L.C. d/b/a Pilot Travel Center #26 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br><br>Brian E. Muawad 41209<br>22330 Greater Mack Ave<br>Saint Clair Shores, MI 48080-2305 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.     **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>9/19/2022 | Expiration date*<br>12/19/2022 | Court clerk<br>John Flanagan |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)     **SUMMONS**     MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



| | SUMMONS |
|---|---|
| | Case No. : **22-011095-NO** |

## PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                    Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
                  Day, date, time

_____ on behalf of _____.
Signature

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

DONALD GOCHA,
an individual,

    Plaintiff,                 Case No. 22-      -NO

vs.                                      HON.

PILOT TRAVEL CENTERS, L.L.C.
d/b/a PILOT TRAVEL CENTER #26
a foreign for-profit corporation

    Defendant.

---

BRIAN E. MUAWAD (P41209)
Attorney for Plaintiff
22330 Greater Mack
St. Clair Shores, MI 48080
(586) 778-8570
Fax: (586) 778-6633

---

## COMPLAINT

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the Complaint.

                By: /s/Brian E. Muawad
                     Brian E. Muawad

NOW COMES the Plaintiff, by and through her attorney, BRIAN E. MUAWAD and complaining against the above-named Defendant, states as follows:

### COUNT I - GENERAL AVERMENTS

    1.    Plaintiff is a resident of the City of Fenton, County of Genesee, State of Michigan.

2. Defendant, PILOT TRAVEL CENTERS, L.L.C. d/b/a PILOT TRAVEL CENTER #26 is a foreign for profit corporation, ("PTC") is an entity which regularly conducts business or owns property in the County of Macomb and State of Michigan, and/or which is otherwise authorized to do business in the County of Macomb and State of Michigan, with its property located at: 6158 U.S. 223, Ottawa Lake, MI, wherein the cause of action complained of arose.

3. The incident complained of herein occurred on the Defendant PTC's premises, at the address indicated herein, in the County of Macomb, State of Michigan on or about September 27, 2019.

4. On the time and date aforesaid, the Plaintiff was an invitee of Defendant PTC and was injured on the Defendant PTC's common areas and/or premises when he slipped and fell on uneven pavement at or near the front entrance; the uneven was not readily apparent to the causal observer.

5. On or about said date at said time, Defendant PTC was the owner, possessor and/or otherwise in control of and/or charged with the care and maintenance of said common areas and/or premises; and on or about said date at said time, Defendant's premises were open to the general public, and the general public was invited to Defendant's premises.

6. When Plaintiff was injured at Defendant PTC's premises, Plaintiff was without any knowledge of the dangerous and unsafe condition of Defendant's premises.

7. The amount in controversy herein exceeds the sum of Twenty-Five Thousand Dollars ($25,000).

## COUNT II - NEGLIGENCE OF DEFENDANTS

8. Plaintiff realleges and incorporates by reference herein all of the preceding paragraphs as though more fully set forth herein.

9. On said date at said time, a hazardous and dangerous condition existed on the premises of the Defendant, to wit: uneven pavement at or near the entrance to the travel center, which was caused to be in existence as the result of the negligence of the Defendant; the uneven pavement, was not readily apparent upon casual inspection as a result of, among others, the uneven pavement upon Defendant's property, was unreasonably dangerous and effectively unavoidable.

10. On or about said date at said time, Defendant, its agents, servants, and/or employees owed duties to Plaintiff to maintain Defendant PTC's premises as a reasonably prudent person would do under same or similar circumstances, and in accordance with the common law in such case made and provided, but violated said duties in at least one or more of the following particulars, so far as it is presently known:

> A. After knowing of the dangerous and hazardous conditions existing on Defendant PTC's premises, Defendant failed to correct same and/or warn of the dangerous conditions.
>
> B. Failed to make reasonable and proper inspections for dangerous and/or hazardous conditions existing on Defendant PTC's premises.
>
> C. Failed to repair and/or correct and/or warn of any hazardous and/or dangerous conditions, of which the Defendant, its agents, servants and/or employees had knowledge, or should have had knowledge, by a reasonable and proper inspection.

    D.    Failed to instruct all of its agents, servants and or employees on the proper care and maintenance of its premises, and/or in the reporting of dangerous and/or hazardous conditions on Defendant PTC's premises.

    E.    Failed to provide rules, procedures and/or provide for periodic safety inspections for the discovery and/or correction of dangerous and hazardous conditions on Defendant PTC's premises.

    F.    Failed to provide a safe and suitable place for those who encountered Defendant PTC's premises to walk safely.

    G.    Failed to construct the premises in a manner suitable and safe under the circumstances.

    H.    Failed to obtain and provide the adequate and proper maintenance and inspection of Defendant PTC's premises so that same would be in a reasonably safe condition for Defendant's invitees and all others who encountered Defendant PTC's premises.

    I.    Failed to obtain and provide for the adequate and proper maintenance and inspection of Defendant PTC's premises so that conditions would be readily apparent to invitees and/or tenants upon casual inspection and would be readily apparent to all others who encountered Defendant PTC's premises.

    J.    Failed to observe all the duties of care imposed upon Defendants by the statutes of the State of Michigan, Ordinances of the City in which Defendant PTC's premises are located and the common law in such case made and provided.

    K.    Others to be determined as discovery reveals.

11. Plaintiff sustained personal injuries as a direct and proximate result of Defendant's negligence as alleged herein.

12. As a direct and proximate result of the negligence of Defendant as aforesaid, the injured Plaintiff sustained:

    A.    Severe bodily injuries to his head, legs, arms, and other body parts, which were painful, disabling and necessitated medical care.

    B.    Shock and emotional damage.

    C.    Possible aggravation of pre-existing conditions and/or reactivation of dormant conditions;

    D.    Inability to attend to the Plaintiff's usual affairs and render services as formerly.

    E.    Hamperment in the enjoyment of the normal pursuit of life as before.

    F.    Injuries which are permanent to the degree that Plaintiff suffered a loss in ability to earn money as before, and will have impaired earning capacity in the future, continued pain and suffering as well as permanency, all as a result of the negligence as hereinbefore alleged.

    G.    Others to be determined as discovery reveals.

13. As a direct and proximate result of the negligence of Defendant and the resulting injuries to Plaintiff, the Plaintiff did and may continue to incur expenses for hospitals, doctors, x-rays, medicines and other medical supplies and attention.

14. As a direct and proximate result of the negligence of Defendant, Plaintiff has been compelled to expend and become obligated for large sums of money for medical care and treatment, and in the future, may be required to expend and become obligated for large sums of money for medical care, attention and supplies for treatment and aforesaid injuries sustained.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant Judgment against the Defendant, and award damages in whatever amount Plaintiff is found to be entitled for compensatory and exemplary damages; and for the penalties and Plaintiff's actual attorney fees, as provided for by statute, plus interest and costs.

Respectfully submitted,

By: */s/Brian E. Muawad*
BRIAN E. MUAWAD (P 41209)
Attorney for Plaintiff

Dated: September 19, 2022